Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 447-8048
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052
Phone: (702) 848-3855, Ext. 101
Email: dkrieger@kriegerlawgroup.com

John A. Yanchunis, Esq.
(*Pro Hac Vice to be submitted*)
Ryan D. Maxey, Esq.
(*Pro Hac Vice to be submitted*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

*Counsel for Plaintiffs,*
*Leisa Whittum and Nicole Kilburn*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEISA WHITTUM and NICOLE KILBURN, | Case No. 2:21-cv-01777-JAD-EJY |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, | **CLASS ACTION** |
| Defendant. | |

## JURISDICTION AND VENUE[1]

1.  This action arises out of violations of Nevada common law, NRS 598, and NRS 41.600, and, as appropriate, the law of other states by University Medical Center of Southern Nevada ("UMC" or "Defendant.").

2.  Jurisdiction is not appropriate in this Court for the reasons which will be stated in Plaintiffs' forthcoming motion to remand; however, Defendant has removed this action to this Court. Instead, Plaintiffs submit that jurisdiction is appropriate in the Eighth Judicial District Court of the State of Nevada.

3.  If this Court had jurisdiction over this action, venue would be proper in this Court because Plaintiffs are residents of the County of Clark, State of Nevada and because Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there. Venue would also be proper because the conduct giving rise to this action occurred in Clark County, Nevada.

## PARTIES

4.  Plaintiff Leisa Whittum ("Plaintiff Whittum") is a natural person residing in the County of Clark, State of Nevada. Plaintiff Whittum was a victim of the Data Breach, as described below.

5.  Plaintiff Nicole Kilburn ("Plaintiff Kilburn") is a natural person residing in the County of Clark, State of Nevada. Plaintiff Kilburn was a victim of the Data Breach, as described below.

---

[1] Plaintiffs presently dispute whether this Court has jurisdiction. However, because the case is presently pending in U.S. District Court, this amended complaint has been drafted to conform to the present forum. In the event of remand, Plaintiff will be obligated to re-plead those forum-specific allegations which have been excised in this iteration of the complaint. Plaintiff maintains that the Eighth Judicial District Court has jurisdiction over this matter, and that it is exempt from arbitration under Nevada Arbitration Rule 3(a) because it is a class action which requests, *inter alia*, declaratory relief.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

6.  Plaintiff Whittum and Plaintiff Kilburn (collectively, "Plaintiffs") and all putative members of Classes 1-4 and Nevada Subclasses 1-4 are individual persons. Additionally, Plaintiffs and members of the Nevada Subclasses 1-4 are "persons" as used in NRS 598, and NRS 41.600.

7.  UMC is the trade name of University Medical Center of So. NV. UMC is an entity licensed to do business in Nevada, and is an affiliate of the University of Nevada School of Medicine. UMC is a hospital which provides a number of medical related services to the general community. UMC is a "person" as used in NRS 598 and NRS 41.600.

8.  Unless otherwise indicated, the use of UMC's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of UMC, as well as its affiliates.

## FACTUAL ALLEGATIONS

9.  Plaintiffs and all putative Class members formerly supplied their personal and/or financial data ("Personal Data") to UMC in connection with transactions with UMC.

10. In or about June 14, 2021, UMC's systems were breached by an unidentified third party ("Data Breach").[2]  The third party accessed UMC computer network, from which UMC's consumer records were compromised. UMC claims to have ended the compromise on June 15, 2021, and thus had notice of the breach at least as of that date.

11. According to an August 2, 2021, letter from UMC to Plaintiffs ("UMC Letter"), the compromised information included "personally identifiable information (PII), to include certain protected health information (PHI), used for reporting, tracking and other purposes needed for the proper operation of UMC."  This information was potentially extensive;

---

[2] The exact time of the data breach is unknown. UMC has only disclosed the June 14, 2021, date, however UMC has admitted its investigation is still ongoing and could reveal the occurrence of earlier breaches with different types of information accessed.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

UMC explained that "[i]nformation about you, such as demographic information (name, address, date of birth, Social Security Number), clinical information (history, diagnosis, test results) or financial information (insurance number) may have been included in the information compromised by these cybercriminals."   UMC refused to tell Plaintiffs whether her own information had been compromised, saying only that it "may" have been; however, information regarding which individuals were included in the breach is within UMC's possession, custody, and control and unavailable to Plaintiff. Moreover, upon receipt of notification of the data breach in early August Plaintiff Whittum immediately reviewed her consumer reports for any irregularities, and discovered, among other things, that consumer reporting agency Experian was reporting a social security number for Plaintiff Whittum different than her own. Such disparate information is often evidence that a third party has gained access to a consumer's private information without their knowledge. Given all of these facts and circumstances, Plaintiff Whittum alleges on information and belief Plaintiff Whittum's own information was compromised in the Data Breach.

12. UMC had the information it needed to notify affected individuals by June 15, 2021. However, UMC waited over a month to send Plaintiffs a letter, with only a vague update on its website on June 29, 2021, alluding to the breach. By delaying its notification, UMC failed to promptly and adequately inform Plaintiffs and Class members of the types of data which had been procured in the Data Breach to permit Plaintiffs and Class members to take swift and appropriate steps to protect their data from identity theft.

13. On June 30, 2021, news media reported the Data Breach. Noting that "the hacker group claiming responsibility for the breach has been linked to high-profile ransomware cases."[3]

---

[3] Associated Press, *University Medical Center says hackers breached data server*, available at

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

14.    UMC has long had problems with its data security. In 2010, they were sued for a breach of patient records from UMC's emergency room and trauma units, when an insider operative was paid to fax registration sheets of trauma patients to a third party.[4]

15.    Plaintiffs, individually and on behalf of those similarly situated, bring this action to challenge the actions of UMC in the protection and safekeeping of the Plaintiffs' and Class members' personal information. UMC's failure to safeguard consumer PII has caused Plaintiffs and Class members damages.

16.    Specifically, the injuries suffered by Plaintiffs and Class members include, but are not limited to:

    a.    Lost time in attempting to mitigate the effects of the Data Breach. For example, since being notified of the Data Breach Plaintiff Whittum has been obligated to spend time investigating her financial accounts for evidence of fraud, and procuring her consumer disclosures from several credit reporting agencies and investigating the content for allegedly fraudulent activity, as well as placing security freezes with those agencies. For one agency, Experian, Plaintiff Whittum was unable to submit the request electronically and incurred out-of-pocket mailing costs in submitting her documentation via US Mail. Plaintiff Whittum has also incurred expenses enrolling in an identity theft protection service. Plaintiff Whittum also anticipates spending more time than she customarily would investigating her financial accounts for transactions which may have been fraudulent. Plaintiff Whittum's time is as limited as it is valuable, and the steps she has taken in light of the Data Breach

_____

https://apnews.com/article/nv-state-wire-technology-hacking bd38d92a2ba8dafd8bc5fb32eab6d64d (last visited Aug. 13, 2021).

[4] *See* Steve Green, *Lawsuit filed over UMC patient records leak*, Las Vegas Sun, Jul. 3, 2010, available at https://m.lasvegassun.com/news/2010/jul/03/lawsuit-filed-over-umc-patient-records-leak/ (last visited Aug, 13, 2021).

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

represents lost time she would not have spent but for the Data Breach, and which she could have spent earning her livelihood or engaging in personal activities.

b. The stress, nuisance, and annoyance of dealing with issues resulting from the Data Breach. In particular, in addition to the items listed above, Plaintiff Whittum has suffered from worry, anxiety, and hesitation, particularly in connection with the fact that she anticipated applying to refinance her home mortgage in the near future, a plan now made more difficult by the placement of security freezes on her credit reports. Plaintiff Whittum estimates that the potential financial loss from waiting to refinance her home until after a security freeze expires will be significant.

c. The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their Personal Data being placed in the hands of unauthorized third parties who will or are likely to misuse that data. Plaintiff Kilburn has had two notices of post-data breach attempts to open credit cards in her name, both on or around October 8, 2021, one related to "Continental Finance" and/or "Celtic Bank" and the other related to "FEB/Destiny."

d. Damages to and diminution in value of their personal and financial information entrusted to UMC in connection with business transactions with them and with the mutual understanding that they would safeguard Plaintiffs' and Class members' data against theft and not allow access to and misuse of their information by others.

e. Continued risk to their Personal Data, which remains in the possession of UMC and which is subject to further breaches so long as UMC continue to fail to undertake appropriate and adequate measures to protect Plaintiffs' and Class members' data in its possession.

17. Plaintiffs' and Class members' damages can be assessed by recourse to common and

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

accepted economic models of proof, such as a model based on a loss of quality of life or a willingness to pay to secure their personal information.

18.     A study by the Identity Theft Resource Center shows the multitude of harms caused by fraudulent use of personal information:



Source: "Credit Card and ID Theft Statistics" by Jason Steele, 10/24/17, at: https://www.creditcards.com/credit-card-news/credit-card-security-id-theft-fraud-statistics-1276.php. Plaintiffs and the Class have experienced one or more of these harms as a result of the data breach.

19.     The damage to Plaintiffs' creditworthiness and injury due to prospective fraud is likely to continue for a significant period of time. This is because there is often a time delay between

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

when harm occurs versus when it is discovered, and also between when personal information or Personal Data is stolen and when it is used. According to the U.S. Government Accountability Office, which conducted a study regarding data breaches:

> [L]law enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

"Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited; However, the Full Extent Is Unknown" by GAO, June 2007, at: https://www.gao.gov/assets/270/262904.html.

20.    There is a strong probability that entire batches of stolen information have yet to be circulated on the black market, meaning UMC's customers, as well as current and former employees or job seekers, could be at risk of fraud and identity theft for years into the future.

21.    Plaintiffs and members of the classes defined below have or will suffer actual injury as a direct result of UMC's data breach. In addition to fraudulent charges and damage to their credit, many victims spent substantial time and expense relating to:

      a.    Finding fraudulent charges;

      b.    reviewing their credit reports for potentially fraudulent transactions, and placing security freezes on their credit reports; and

      c.    Obtaining monitoring and identity theft prevention.

22.    As a direct and proximate result of UMC's conduct, Plaintiffs and the Class have been placed at an imminent, immediate, and continuing increased risk of harm from fraud and identity theft. Plaintiffs and Members of the Class now have to take the time and effort to mitigate the actual and potential impact of the data breach on their everyday lives, which will include closely reviewing and monitoring bank accounts and credit reports for

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

unauthorized activity for years to come. Moreover, Plaintiffs and the Class have an interest in ensuring that their information, which remains in the possession of UMC is protected from further breaches by the implementation of security measures and safeguards.

23.  Plaintiffs and the Class have suffered, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

     a.  Trespass, damage to and theft of their personal property including their Personal Data;

     b.  Improper disclosure of their Personal Data;

     c.  The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their Personal Data having been placed in the hands of criminals and having been already misused via the sale of such information on the Internet black market;

     d.  Damages flowing from UMC's untimely and inadequate notification of the data breach;

     e.  Loss of privacy suffered as a result of the data breach;

     f.  Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach; and

     g.  Ascertainable losses in the form of deprivation of the value of Plaintiffs' Personal Data for which there is a well-established and quantifiable national and international market.

## CLASS ALLEGATIONS

### NATIONWIDE CLASSES

24.  Pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs assert common law claims for negligence (Count I), breach of implied contract (Count II), and negligent misrepresentation (Count III) on behalf of nationwide class, each defined as follows:

     All persons whose Personal Data was procured or potentially procured by a third party as a result of the Data Breach due to UMC's failure to secure its internal systems of record.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

25. Excluded from the Classes are Defendant, any entity in which Defendant have a controlling interest, and Defendant' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

## NEVADA STATE CLASSES

26. Alternatively, pursuant to Pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs and Nevada Subclass members assert claims for negligence (Count I), breach of implied contract (Count II), and negligent misrepresentation (Count III), on behalf of a Nevada Subclass, each defined as follows:

> All residents of the State of Nevada whose Personal Data was procured or potentially procured by a third party as a result of the Data Breach due to UMC's failure to secure its internal systems of record.

27. Excluded from the Classes are Defendant, any entity in which Defendant have a controlling interest, and Defendant' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

28. Additionally, pursuant to Pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs and Nevada Subclass members allege of the Nevada Deceptive Trade Practices Act (Count IV) on behalf of Nevada Plaintiffs, defined as follows:

> All residents of the State of Nevada whose Personal Data was procured or potentially procured by a third party as a result of the Data Breach due to UMC's failure to secure its internal systems of record.

29. Excluded from the Classes are Defendant, any entity in which Defendant have a controlling interest, and Defendant' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

## CERTIFICATION OF THE PROPOSED CLASSES IS APPROPRIATE

30. Each of the proposed Classes meets the requirements of Pursuant to Fed. R. Civ. P. 23(a).

31. Numerosity: the data breach has received major media coverage, and UMC is a facility which treats tens of thousands of patients. Moreover, the letter sent to Plaintiffs comes not from Nevada, but from a PO Box in California, suggesting that UMC utilized a third-party vendor to make the mailing, which it would likely not have done unless making a high-volume notification. And UMC was unable to tell Plaintiffs whether her individual PII had been specifically compromised, suggesting rightly or wrongly that UMC believed that its mass notification was too extensive to permit notification of specific details of the breach to each consumer. Therefore, it is reasonable to believe that hundreds of individuals' Personal Data was compromised in UMC Data breach. UMC has reported to the U.S. Department of Health and Human Services and the Maine Attorney General that the data breach affected 1.3 million individuals.

32. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include:

    a.    Whether Defendant failed to adequately safeguard Plaintiffs' and the Classes' Personal Information;

    b.    Whether Defendant' computer systems and data security practices used to protect Plaintiffs' and the Classes' Personal Information violated federal, state and local laws, or Defendant' duties;

    c.    Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard Plaintiffs' and the Classes' Personal Information properly and/or as promised;

    d.    Whether Defendant violated the consumer protection statutes and data breach notification statutes applicable to Plaintiffs and each of the Classes;

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

e.    Whether Defendant failed to notify Plaintiffs and members of the Classes about UMC Data Breach as soon as practical and without delay after UMC Data Breach was discovered;

f.    Whether Defendant acted negligently in failing to safeguard Plaintiffs' and the Classes' Personal Information;

g.    Whether Defendant entered into implied contracts with Plaintiffs and the members of the each of the Classes that included contract terms requiring Defendant to protect the confidentiality of Plaintiffs' Personal Information and have reasonable security measures;

h.    Whether Defendant' conduct described herein constitutes a breach of their implied contracts with Plaintiffs and the members of each of the Classes;

i.    Whether Plaintiffs and the members of the Classes are entitled to damages as a result of Defendant' wrongful conduct;

j.    What equitable relief is appropriate to redress Defendant' wrongful conduct; and

k.    What injunctive relief is appropriate to redress the imminent and currently ongoing harm faced by members of the Classes.

33.    Typicality: Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and the members of the Classes sustained damages as a result of Defendant's uniform wrongful conduct in failing to adequately protect Plaintiffs and Class members' data, and in failing to properly notify them of the Data Breach.

34.    Adequacy: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Classes, and there are no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the members of the proposed Classes, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Classes.

35.    Risks of Prosecuting Separate Actions: This case is appropriate for certification because prosecution of separate actions would risk either inconsistent adjudications which would

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

12 of 29

establish incompatible standards of conduct for the Defendant or would be dispositive of the interests of members of the proposed Classes. Furthermore, the Class Members' Personal Data is still in UMC's control, and is still vulnerable to future attacks – one standard of conduct is needed to ensure the future safety of UMC's data storage environment.

36.    Policies Generally Applicable to the Classes: This case is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Plaintiffs and proposed Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards members of the Classes, and making final injunctive relief appropriate with respect to the proposed Classes as a whole. Defendant' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge to those practices hinges on Defendant' conduct with respect to the proposed Classes as a whole, not on individual facts or law applicable only to Plaintiffs.

37.    Superiority: This case is also appropriate for certification because class proceedings are superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and the members of the Classes. The injuries suffered by each individual member of the Classes are relatively small in comparison to the burden and expense of individual prosecution of the litigation necessitated by Defendant' conduct. Absent a class action, it would be virtually impossible for individual members of the Classes to obtain effective relief from Defendant. Even if members of the Classes could sustain individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties, including the Court, and would require duplicative consideration of the common legal and factual issues presented here. By contrast, a class

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court.

## CAUSES OF ACTION

### *Count I – Negligence*

38. Plaintiffs reallege, as if fully set forth, the allegations of the preceding paragraphs.

39. Defendant solicited, gathered, and stored personal information, including Personal Data, of Plaintiffs and the Nationwide Negligence Class or, alternative, the Separate Nevada Negligence Classes (collectively, the "Class" as used in this Count) to facilitate its business.

40. Defendant owed duties of care to Plaintiffs and the Class whose personal information was entrusted to it. Defendant's duties included the following:

    a.    To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting personal information and Personal Data in its possession;

    b.    To implement processes to quickly detect a data breach and to timely act on warnings about data breaches; and

    c.    To promptly notify Plaintiffs and Class members of the data breach.

41. UMC had a special relationship with Plaintiffs and the Class. Plaintiffs' and the Class' willingness to entrust Defendant with their most private and personal information – including their medical histories, for which numerous state and federal laws prohibit disclosure – was predicated on the understanding that Defendant would take adequate security precautions. Moreover, only Defendant had the ability to protect its systems (and the personal information that it stored on them) from attack.

42. Defendant owed a duty of care not to subject Plaintiffs and the Class to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

43.     Defendant knew, or should have known, of the risks inherent in collecting and storing the personal information of Plaintiffs and the Class and the importance of adequate security Defendant were well aware of the fact that its systems and the Personal Data it stored were subject to compromise, as it had been sued in 2015 for its breach of over 82,000 persons' records.

44.     Because Defendant knew that a breach of its systems would potentially damage at least hundreds of individuals, including Plaintiffs and Class members, they had a duty to adequately protect their personal information.

45.     Defendant knew, or should have known, that their computer systems did not adequately safeguard the personal information of Plaintiffs and the Class.

46.     Defendant breached their duties of care by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the personal information of Plaintiffs and the Class.

47.     Defendant acted with reckless disregard for the security of the personal information of Plaintiffs and the Class because they knew or should have known that their computer systems and data security practices were not adequate to safeguard the personal information that they collected and stored, which were compromised.

48.     Defendant also owed a duty of care to promptly notify Plaintiffs and Class members after the Data Breach occurred in July 2018.

49.     Defendant acted with reckless disregard for the rights of Plaintiffs and the Class by failing to provide prompt and adequate notice of the data breach so that they could take measures to protect themselves from damages caused by the fraudulent use of the personal information compromised in the data breach. Thus, Defendant breached their duties of care

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

by failing to provide prompt notice of the data breach to the persons whose personal information was compromised.

50. Even when notifying Plaintiffs in August 2021, Defendant failed to explain what specific information had been exposed in the Data Breach, indicating only that her private information "may" have been included.

51. Defendant' own conduct also created a foreseeable risk of harm to Plaintiffs and Class members and their personal information. Defendant' misconduct included failing to secure their systems.

52. On information and belief, Defendant use the same computer systems and security practices in all states in which they do business.

53. Defendant breached their duties to Plaintiffs and the Class under these states' laws by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and the Class's personal information.

54. Defendant breached the duties they owed to Plaintiffs and Class members in numerous ways, including:

    a.    By creating a foreseeable risk of harm through the misconduct previously described;

    b.    By failing to implement adequate security systems, protocols and practices sufficient to protect their personal information both before and after learning of the data breach; and

    c.    By failing to timely and accurately disclose that the personal information of Plaintiffs and the Class had been improperly acquired or accessed.

55. But for Defendant' wrongful and negligent breach of the duties they owed Plaintiffs and the Class members, their Personal Data would not have been compromised or they would have been able to prevent some or all of their damages.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

56.     As a direct and proximate result of Defendant' negligent conduct, Plaintiffs and the Class have suffered damages and are at imminent risk of further harm.

57.     The injury and harm that Plaintiffs and Class members suffered (as alleged above) was reasonably foreseeable.

58.     Additionally, according to state laws where Defendant operate, including but not limited to the laws of the State of Nevada (NRS 603A.210), Defendant also had independent duties that required them to reasonably safeguard Plaintiffs' and the Class' personal information and promptly notify them about the data breach.

59.     Federal law also prohibits Defendant' conduct. Specifically, Additionally, pursuant to the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, Defendant had a duty to provide fair and adequate computer systems and data security to safeguard the personal information, including the Personal Data, of Plaintiffs and the Nationwide Negligence Class. The FTCA has been held to cover nationwide data breaches.[5]

60.     The FTCA prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as UMC, of failing to use reasonable measures to protect personal information. The FTC publications and orders described above also formed part of the basis of UMC's duty in this regard.

61.     Defendant solicited, gathered, and stored personal information, including Personal Data, of Plaintiffs and the Class to facilitate business transactions which affect commerce.

62.     Defendant violated the FTCA and NRS 603A by failing to use reasonable measures to protect personal information of Plaintiffs and the Class and not complying with applicable industry standards, as described herein.

---

[5] *See In re Equifax, Inc. Customer Security Breach Litig.*, 362 F. Supp. 3d 1295, 1327 (N.D. Ga. 2019).

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

63.     Plaintiffs and the Class are within the class of persons that the FTCA and NRS 603A was intended to protect.

64.     The harm that occurred as a result of the Data Breach is the type of harm the FTCA and NRS 603A were intended to guard against.

65.     Consequently, Defendant' violation of the FTCA, NRS 603A, and any other state law designed to protect against inappropriate disclosure of electronic data, constitutes negligence *per se*.

66.     The injury and harm that Plaintiffs and Class members suffered (as alleged above) was the direct and proximate result of Defendant' negligent conduct. Defendant' violation of the FTCA, NRS 603A, The injury and harm that Plaintiffs and Class members suffered (as alleged above) was the direct and proximate result of UMC's negligence and negligence *per se*.

67.     As a direct and proximate result of Defendant' negligence, Plaintiffs and the Class have or are expected to suffer, and continue to suffer, damages arising from false or fraudulent charges stemming from the data breach, including but not limited to late fees charges; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives including, *inter alia*, closely reviewing and monitoring their accounts and credit reports for unauthorized activity which is certainly impending.

68.     Plaintiffs and the Class have suffered injury and are entitled to damages in an amount to be proven at trial, including nominal damages

69.     Additionally, since the data breach, Defendant have announced no specific changes to their data security to fix the vulnerabilities in its systems which permitted the intrusions and to prevent further attacks.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

18 of 29

70. Accordingly, Defendant still have not satisfied the duties of care owed to Plaintiffs and the Negligence Classes. In fact, now that Defendant' lax approach towards information security has become public, the personal information in Defendant' possession is more vulnerable than previously.

71. Actual harm has arisen in the wake of Defendant' data breach regarding its breaches of its duties of care to provide security measures to Plaintiffs and the members of the Negligence Classes. Further, Plaintiffs and the members of the Negligence Classes are at risk of additional or further harm due to the exposure of their personal information and Defendant' failure to address the security failings that lead to such exposure.

72. There is no reason to believe that Defendant' security measures are any more adequate than they were before the breach to meet Defendant' contractual obligations and legal duties.

73. Plaintiff, therefore, also seeks a declaration that Defendant' existing security measures do not comply with their duties of care to provide adequate security, and to properly comply with the same, Defendant must implement and maintain reasonable security measures, including, but not limited to:

   a. Ordering that Defendant engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant' systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

   b. Ordering that Defendant engage third-party security auditors and internal personnel to run automated security monitoring;

   c. Ordering that Defendant audit, test, and train their security personnel regarding any new or modified procedures;

   d. Ordering that Defendant segment customer data by, among other things, creating firewalls and access controls so that if one area of Defendant is compromised, hackers cannot gain access to other portions of Defendant' systems;

   e. Ordering that Defendant purge, delete, and destroy in a reasonably secure manner customer data not necessary for their provisions of services;

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

f.  Ordering that Defendant conduct regular database scanning and securing checks;

g.  Ordering that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

h.  Ordering Defendant to meaningfully educate their customers about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Defendant customers must take to protect themselves.

### *Count II – Breach of Implied Contract*

74. Plaintiffs reallege, as if fully set forth, the allegations of the preceding paragraphs.

75. When Plaintiffs and the members of the Nationwide Class or, alternatively, the members of the Separate Nevada Breach of Implied Contract Classes (collectively, the "Class" as used in this Count), provided their personal information to Defendant in connection with medical services through Defendant, they entered into implied contracts by which UMC agreed to protect their personal information and timely notify them in the event of a data breach.

76. Defendant invited its business partners, including Plaintiffs and the Class, to enter into agreements with Defendant to perform services for them.

77. An implicit part of the offer was that Defendant would safeguard the personal information using reasonable or industry-standard means and would timely notify Plaintiffs' and the Class in the event of a data breach.

78. Defendant also implicitly and/or affirmatively represented that they collected and protected the personal information of Plaintiffs and the Class using "industry standard means."

79. Based on the implicit understanding and also on Defendant' representations (as described above), Plaintiffs and the Class accepted the offers and provided Defendant with their personal information by permitting Defendant to use their Personal Data in connection with employment through Defendant.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

80.    Plaintiffs and Class members would not have provided their personal information to Defendant had they known that Defendant would not safeguard their personal information as promised or provide timely notice of a data breach.

81.    Plaintiffs and Class members fully performed their obligations under the implied contracts with Defendant.

82.    Defendant breached the implied contracts by failing to safeguard Plaintiffs' and Class members' personal information and failing to provide them with timely and accurate notice when their personal information was compromised in the data breach.

83.    The losses and damages Plaintiffs and Class members sustained (as described above) were the direct and proximate result of Defendant' breach of the implied contract with Plaintiffs and Class members.

84.    Additionally, since the data breach, Defendant have announced no specific changes to their data security to fix the vulnerabilities in its systems which permitted the intrusions and to prevent further attacks.

85.    Accordingly, Defendant still have not satisfied their contractual obligations and legal duties to Plaintiffs and the Breach of Implied Contract Class. In fact, now that Defendant' lax approach towards information security has become public, the personal information in Defendant' possession is more vulnerable than previously.

86.    Actual harm has arisen in the wake of Defendant' data breach regarding its contractual obligations to provide security measures to Plaintiffs and the members of the Breach of Implied Contract Class. Further, Plaintiffs and the members of the Breach of Implied Contract Class are at risk of additional or further harm due to the exposure of their personal information and Defendant' failure to address the security failings that lead to such exposure. Plaintiffs further are entitled to and demand nominal damages.

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

87. There is no reason to believe that Defendant' security measures are any more adequate than they were before the breach to meet Defendant' contractual obligations and legal duties.

88. Plaintiff, therefore, also seeks a declaration that Defendant' existing security measures do not comply with their contractual obligations, and that to comply with its implied contractual obligations, Defendant must implement and maintain reasonable security measures, including, but not limited to:

   a. Ordering that Defendant engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant' systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

   b. Ordering that Defendant engage third-party security auditors and internal personnel to run automated security monitoring;

   c. Ordering that Defendant audit, test, and train their security personnel regarding any new or modified procedures;

   d. Ordering that Defendant segment customer data by, among other things, creating firewalls and access controls so that if one area of Defendant is compromised, hackers cannot gain access to other portions of Defendant' systems;

   e. Ordering that Defendant purge, delete, and destroy in a reasonably secure manner customer data not necessary for their provisions of services;

   f. Ordering that Defendant conduct regular database scanning and securing checks;

   g. Ordering that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

   h. Ordering Defendant to meaningfully educate their customers about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Defendant customers must take to protect themselves.

### *Count III – Negligent Misrepresentation*

89. Plaintiffs reallege, as if fully set forth, the allegations of the preceding paragraphs.

90. Defendant negligently and recklessly misrepresented material facts pertaining to Plaintiffs and Class members' business relationship with Defendant by representing that they would

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

maintain adequate data privacy and security practices and procedures to safeguard Plaintiffs and Class Members' Personal Data from unauthorized disclosure, release, data breaches, and theft.

91. Defendant negligently and recklessly misrepresented material facts, pertaining to employment and/or affiliation to Plaintiffs and Class Members by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiffs and Class Members' Personal Information.

92. Because Defendant knew that their data privacy and security practices were inadequate, they either knew or should have known that their representations were not true.

93. In reliance upon these misrepresentations, Plaintiffs and Class Members entered into business relationships with Defendant.

94. Had Plaintiffs and Class Members, as reasonable persons, known of Defendant' inadequate data privacy and security practices, or that Defendant were failing to comply with the requirements of federal and state laws pertaining to the privacy and security of Class Members' Personal Information, they would have insisted that Defendant implement more stringent security practices.

95. Additionally, Defendant misrepresented the scope of the Data Breach in their initial communications to Plaintiffs and Class Members. For example, in its August 2, 2021, UMC referred to a breach of personal private information that "may" have been compromised, without informing Plaintiffs the specifics that it must have known.

96. Had Plaintiffs and Class Members, as reasonable persons, been timely informed of the precise type of information compromised in the Data Breach – or that their information had been compromised at all – they would have taken earlier remedial measures to safeguard their privacy and security earlier than they otherwise did. However, in reliance

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

on these misrepresentations, Plaintiffs and Class Members did not take these steps to protect their privacy.

97. As a direct and proximate consequence of Defendant' negligent misrepresentations, Plaintiffs and Class Members have suffered the injuries alleged above.

98. As a direct and proximate consequence of Defendant' negligent misrepresentations, Plaintiffs are entitled to and demand nominal damages.

### *Count IV – Violation of NRS 41.600*

99. Plaintiffs reallege, as if fully set forth, the allegations of the preceding paragraphs.

100. Plaintiffs bring this claim against Defendant operating in Nevada on behalf of the Nevada Class.

101. In the course of their businesses, Defendant operating in Nevada engaged in deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to its employment and/or business affiliation with persons in the State of Nevada in violation of Nev. Rev. Stat. § 598.0915. Defendant also violated NRS 598.0923(3) because they violated state laws in connection with goods or services (i.e., the employment services Plaintiffs provided, or the medical services Defendant provided). Defendant' misrepresentations included but are not limited to the following:

    a. Defendant misrepresented material facts, pertaining to the storing of Plaintiffs' Personal Data, to the Nevada Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Nevada Class Members' Personal Data from unauthorized disclosure, release, data breaches, and theft, in violation of Nev. Rev. Stat. § 598.0915(15);

    b. Defendant misrepresented material facts, pertaining to the storage of the personal data belonging to the Nevada Class by representing by implication that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Nevada Class Members' Personal Data, in violation of Nev. Rev. Stat. § 598.0915(15);

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

c. Defendant omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Nevada Class Members' Personal Data in violation of Nev. Rev. Stat. § 598.0915(15);

d. Defendant engaged in deceptive trade practices with respect to its employment of, and/or business affiliation with, Nevada Class Members' and the Personal Data of those Class Members, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Data Breach. These unfair acts and practices violated duties imposed by laws including the 15 U.S.C. § 45, NRS 603A.210;

e. Defendant engaged in deceptive trade practices by failing to disclose the Data Breach to Nevada Class Members in a timely and accurate manner in their October communications and thereafter, in violation of NRS 603A.220(1);

f. Defendant engaged in deceptive trade practices by failing to take proper action following the Data Breach to enact adequate privacy and security measures and protect Nevada Class Members' Personal Data from further unauthorized disclosure, release, data breaches, and theft.

g. Defendant violated NRS 598.0923(3) because their violations of the FTCA, NRS 603A, and NRS 598.0915(15) constituted a violation of a state or federal law.

102. The above unlawful and deceptive acts and practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

103. Defendant knew or should have known that their computer systems and data security practices were inadequate to safeguard Nevada Class Members' Personal Information and that risk of a data breach or theft was highly likely. Defendant' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Nevada Class.

104. As a direct and proximate result of Defendant' deceptive practices, Nevada Class Members suffered injury and/or damages.

105. Under NRS 41.600, violation of either NRS 598.0915 or NRS 598.0923(3) constitutes actionable "consumer fraud."

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

106. Nevada Class Members seek relief under Nev. Rev. Stat. Ann. § 41.600, including, but not limited to, injunctive relief, other equitable relief, actual damages, and attorneys' fees and costs.

107. Plaintiff also seeks a declaration that Defendant' existing security measures do not comply with their obligations under the FTCA, NRS 603A, and any other applicable state law. Plaintiffs seeks to enforce this declaratory relief through an affirmative injunction which requires the following:

a. Ordering that Defendant engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant' systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

b. Ordering that Defendant engage third-party security auditors and internal personnel to run automated security monitoring;

c. Ordering that Defendant audit, test, and train their security personnel regarding any new or modified procedures;

d. Ordering that Defendant segment customer data by, among other things, creating firewalls and access controls so that if one area of Defendant is compromised, hackers cannot gain access to other portions of Defendant' systems;

e. Ordering that Defendant purge, delete, and destroy in a reasonably secure manner customer data not necessary for their provisions of services;

f. Ordering that Defendant conduct regular database scanning and securing checks;

g. Ordering that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

h. Ordering Defendant to meaningfully educate their customers about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps Defendant customers must take to protect themselves.

**PRAYER FOR RELIEF**

108. WHEREFORE, Plaintiffs, on behalf of themselves and the Classes described above, seek the following relief:

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

a.  An order certifying this action as a class action under Fed. R. Civ. P. 23, defining the classes as requested herein, appointing the undersigned as Class counsel, and finding that Plaintiffs are proper representatives of the Classes requested herein;

b.  A judgment in favor of Plaintiffs and the Class awarding them appropriate monetary relief, including actual damages, punitive damages, equitable relief, restitution, disgorgement, attorney's fees, statutory costs, and such other and further relief as is just and proper;

c.  An order providing injunctive and other equitable relief as necessary to protect the interests of the Class as requested herein;

d.  An order requiring Defendant to pay the costs involved in notifying the Class members about the judgment and administering the claims process;

e.  A judgment in favor of Plaintiffs and the Classes awarding them pre-judgment and post judgment interest, reasonable attorneys' fees, costs and expenses as allowable by law; and

f.  An award of such other and further relief as this Court may deem just and proper.

//
//
//
//
//
//
//
//
//

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

1

**DEMAND FOR JURY TRIAL**

2      109.    Plaintiffs and Class members demand a jury trial on all counts so triable.

3    Dated: October 29, 2021

4                                                    Respectfully Submitted,

5                                                    /s/ *Miles N. Clark*
                                                     Miles N. Clark, Esq.
6                                                    KNEPPER & CLARK LLC
                                                     5510 S. Fort Apache Rd., Suite 300
7                                                    Las Vegas, NV 89148-7700

8                                                    David H. Krieger, Esq.
                                                     KRIEGER LAW GROUP, LLC
9                                                    2850 W. Horizon Ridge Pkwy., Suite 200
                                                     Henderson, NV 89052
10
                                                     *Counsel for the Plaintiffs and the Class*
11

12                                                   /s/ *Miles N. Clark*                .
                                                     Miles N. Clark, Esq.
13                                                   KNEPPER & CLARK LLC
                                                     5510 S. Fort Apache Rd, Suite 30
14                                                   Las Vegas, NV 89148-7700
15
                                                     David H. Krieger, Esq.
16                                                   KRIEGER LAW GROUP, LLC
                                                     2850 W. Horizon Ridge Parkway, Suite 200
17                                                   Henderson, NV 89052

18                                                   John A. Yanchunis, Esq.
19                                                   Ryan D. Maxey, Esq.
                                                     MORGAN & MORGAN
20                                                   COMPLEX LITIGATION GROUP
                                                     201 N. Franklin Street, 7th Floor
21                                                   Tampa, Florida 33602

22                                                   *Counsel for Plaintiffs,*
23                                                   *Leisa Whittum and Nicole Kilburn*

24

25

26

27

28

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

28 of 29

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of KNEPPER & CLARK LLC and that on October 29, 2021, I caused the document **FIRST AMENDED COMPLAINT** to be served through the Court's CM/ECF system to those persons designated by the parties as receiving service.

/s/ *Lucille Chiusano*
Lucille Chiusano

KNEPPER & CLARK LLC
ATTORNEYS AT LAW
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
(702) 856-7430

29 of 29